IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY MAYS, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| CITY OF CHICAGO POLICE ) | SUPPLEMENTAL CLAIMS |
| OFFICERS STEVE BARSCH, STAR ) | |
| NO. 18287, ANDREW RUSSELL, STAR ) | **JURY DEMANDED** |
| NO. 12623, CRAIG COUGHLIN, STAR ) | |
| NO. 3818, LEO AUGLE, STAR NO. ) | |
| 12848, and THE CITY OF CHICAGO, ) | |

Defendants.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Gary Mays ("Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Chicago Police Officer Stave Barsch, Star No. 18287, was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer Andrew Russell, Star No. 12623, was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant Chicago Police Officer Craig Coughlin, Star No. 3818, was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant Chicago Police Officer Leo Augle, Star No. 12848, was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

9. On or about August 1, 2015, Plaintiff was lawfully in a public place, in the City of Chicago, Cook County, State of Illinois.

10. On that day and place Defendants Barsch, Russell, Coughlin, and Augle seized and arrested Plaintiff.

11. Plaintiff did not consent to this conduct.

12. There was no outstanding arrest warrant for Plaintiff.

13. There was no legal cause to seize and arrest Plaintiff.

14. On August 1, 2015, Barsch, Russell, Coughlin, and Augle caused false criminal charges to be brought against Plaintiff.

15. On August 21, 2015, defendant Russell caused these charges to be continued through providing false testimony at a grand jury proceeding.

16. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all in an amount to be ascertained.

17. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

18. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST BARSCH, RUSSELL, COUGHLIN, AND AUGLE FOR UNREASONABLE SEIZURE

19. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

20. There was no legal cause to subject Plaintiff to a Terry stop or an arrest.

21. By reason of the conduct by Defendants Barsch, Russell, Coughlin, and Augle, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

22. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS AND THE CITY OF CHICAGO FOR THE SUPPLEMENTAL CLAINM OF MALICIOUS PROSECUTION

23. Plaintiff incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

24. Defendants Barsch, Russell, Coughlin, and Augle caused a criminal prosecution to commence and continue against Plaintiff.

25. Barsch, Russell, Coughlin, and Augle, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

26. The criminal proceedings terminated in Plaintiff's favor by a not guilty verdict in January, 2017.

27. Barsch, Russell, Coughlin, and Augle initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

28. The City of Chicago is liable to Plaintiff for the acts of Hitiris and Lambe pursuant to the doctrine of *respondeat superior*.

29. Therefore, Barsch, Russell, Coughlin, and Augle and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Ed Fox
Ed Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

5

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Ed Fox
Ed Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com